IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CLOIE TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JEFFERSON OPERATOR, LLC, d/b/a | ) | Civil Action No.: 3:13-CV-00200 |
| JEFFERSON CITY HEALTH AND | ) | |
| REHABILITATION FACITLY; | ) | |
| WILLIAM D. GRAY, JR.; AND | ) | |
| NORTHPOINT SENIOR SERVICES, | ) | |
| LLC, d/b/a PRESTIGE HEALTH CARE, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Jefferson Operator, LLC, d/b/a Jefferson City Health and Rehabilitation Facility, William D. Gray, Jr., and Northpoint Senior Services, LLC, d/b/a Prestige Health Care (improperly named herein) (hereinafter "Defendants"), pursuant to the Federal Rules of Civil Procedure, hereby files its Answer to Plaintiff's Amended Complaint and states the following:

### I. PRELIMINARY STATEMENT

1. Defendants admit that the allegations contained in paragraph 1 of the Amended Complaint are the causes of action Plaintiff is asserting against Defendants, all of which are specifically denied by Defendants.

2. Defendants admit that the allegations involve questions of federal law and that complete diversity is present as set forth in Paragraph 2 of the Amended Complaint. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 2 of the Amended Complaint and therefore deny the same.

3. Defendants admit that the Amended Complaint contains ancillary claims and that this Court has supplemental jurisdiction as contained in paragraph 3 of the Amended Complaint.

4. Defendants admit that venue is proper in this Court and that Plaintiff was employed by Jefferson Operator as contained in paragraph 4 of the Amended Complaint. Defendants deny the remaining allegation contained in paragraph 4 of the Amended Complaint as specifically pled.

### III. PARTIES

5. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the First Amended Complaint and therefore deny the same.

6. Defendants admit the allegations contained in paragraph 6 of the Amended Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Amended Complaint.

8. Defendants admit the first and last sentence contained in paragraph 8 of the Amended Complaint. Defendants deny the remaining the allegations contained in paragraph 8 of the Amended Complaint.

9. Paragraph 9 of the Amended Complaint is not framed in a manner so as to require a response from the Defendants. To the extent that an answer is required, Defendants aver that the Federal Rules of Civil Procedure are applicable to any amendment of the Amended Complaint.

### IV. FACTS

10. Defendants admit the allegations in contained in paragraph 10 of the Amended

Complaint.

11. Defendants admit the allegations in contained in paragraph 11 of the Amended Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendants admit that Plaintiff was employed by Jefferson Operator at the time her employment ended on April 14, 2012, and denies the remaining allegations contained in paragraph 13 of the Amended Complaint.

14. Defendants admit the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendants admit the allegations contained in paragraph 15 of the Amended Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendants admit that Ms. Hamrick called Plaintiff many times to have breakfast and made reference to Plaintiff as a daughter as set forth in paragraph 20 of the Amended

Complaint. Defendants deny the remaining allegations contained in paragraph 20 of the Amended Complaint.

21. Defendants deny the first sentence contained in paragraph 21 of the Amended Complaint. Defendants admit Plaintiff was having performance issues, was disruptive at the workplace, and received a commendation as set forth in paragraph 21 of the Amended Complaint. Defendants aver that Plaintiff's 2012 evaluation speaks for itself, and Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants admit the first three sentences contained in paragraph 22 of the Amended Complaint. Defendants deny the last sentence contained in paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Amended Complaint

25. Defendants admit the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendants deny that Plaintiff was experiencing problems with Ms. Hamrick as contained in the first sentence in paragraph 26 of the Amended Complaint. Defendants are without information sufficient to form a belief as to the truth of the remaining allegation in the first sentence contained in paragraph 26 of the Amended Complaint and therefore deny the same. Defendants deny the last sentence contained in paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendants admit the allegations contained in the first sentence in paragraph 28 of the Amended Complaint. Defendants deny the last sentence in paragraph 28 of the Amended Complaint.

29. Defendants admit the allegations contained in paragraph 29 of the Amended Complaint purport to be part of Plaintiff's email.

30. Defendants admit the allegations contained in paragraph 30 of the Amended Complaint purport to be part of an email sent to Plaintiff.

31. Defendants deny the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendants admit that a Separation Notice was completed reflecting that Plaintiff had quit her position and job abandonment as contained in paragraph 32 of the Amended Complaint. Defendants deny the remaining allegations contained in paragraph 32 of the Amended Complaint.

33. Defendants admit the allegations contained in paragraph 33 of the Amended Complaint.

## V. CAUSES OF ACTION

34. Defendants incorporate by reference as a fully set forth herein its answers to paragraphs 1-33 of the Amended Complaint

### A. VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

35. Defendants admit that Plaintiff was an eligible employee under the FMLA, but denies the remaining allegations contained in paragraph 36 of the Amended Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Amended Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Amended Complaint.

### B. COMMON LAW RETALIATORY DISCHARGE

40. Defendants admit that Defendant Jefferson Operator was the employer of Plaintiff as set forth in the first sentence of paragraph 40 of the Amended Complaint. Defendants deny the remaining allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Amended Complaint.

### C. TENNESSEE PUBLIC PROTECTION ACT

43. Defendants admit that Defendant Jefferson Operator was the employer of Plaintiff as set forth in the first sentence of paragraph 43 of the Amended Complaint. Defendants deny the remaining allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.

### D.     RESTATEMENT (SECOND) OF TORTS §876(b)

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

## VI.     DAMAGES

50. Defendants incorporate by reference as a fully set forth herein its answers to paragraphs 1-49 of the Amended Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Amended Complaint.

57. Paragraph 57 of the Amended Complaint does not require a response.

## VII. PRAYER FOR RELIEF

58. Defendants incorporate by reference as a fully set forth herein its answers to paragraphs 1-57 of the Amended Complaint.

59. Defendants deny the allegations contained in paragraph 59 and all sub-parts of paragraph 59 of the Amended Complaint and further deny that Plaintiff is entitled to any relief or remedy sought in the Complaint or relief or remedy of any kind whatsoever.

60. Paragraph 60 of the Amended Complaint does not require a response.

61. Any allegations not heretofore admitted, answered, denied, modified, or explained, are hereby denied.

## AFFIRMATIVE DEFENSES

1. In whole or part, Plaintiff's Amended Complaint fails to state claims upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Defendants' actions were a just and proper exercise of managerial discretion, undertaken for a fair and honest reason, regulated by good faith under the circumstances then existing.

4. Defendants at all times acted in good faith and in furtherance of their own legitimate, non-discriminatory business reasons.

5. Plaintiff's claims are barred in whole or part, because Plaintiff was not injured in the manner or extent alleged.

6. Defendants' actions were taken in good faith.

7. Defendants had a legitimate business reason for taking the employment-related actions against Plaintiff.

8. At all times relevant hereto, Defendant has acted in good faith and did not violate any rights which may be secured to Plaintiff under the FMLA.

9. Plaintiff failed to do all conditions precedent to coverage under the FMLA.

10. Any act or omission on the part of Defendant was not intentional but was made in good faith, and Defendant had reasonable grounds for believing that any such act or omission was not a violation of the FMLA.

11. Plaintiff's Amended Complaint fails to state a claim upon which liquidated, punitive damages, or attorneys' fees may be awarded.

12. Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrine of laches.

13. Plaintiff's claims are barred, in whole or in part, because of her own acts or omissions.

14. Plaintiff's claims are barred to the extent Plaintiff was not injured in the manner or extent alleged.

15. Plaintiff did not suffer any damages for which she is entitled to relief.

16. To the extent Plaintiff makes a claim for back pay and any other economic damages, any claim for back pay must be reduced by Plaintiff's actual earnings and/or amounts Plaintiff could have earned with reasonable diligence.

17. Plaintiff's claims for back-pay and front-pay are barred by her failure to mitigate her damages.

18. Defendant avers that Plaintiff may not recover back pay or front pay for any periods of time that Plaintiff was/is unable to work.

19. Plaintiff is not entitled to recover punitive damages, under the standards set forth in *Kolstad v. American Dental Association*, 527 U.S. 526, 119 S. Ct. 2118 (1999).

20. An award of punitive damages under the circumstances of the instant case would amount to a violation of Defendants' due process rights and rights to equal protection under the Fourteenth Amendment to the United States Constitution and the Tennessee Constitution.

21. Defendant avers that this action is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

22. Defendant reserves the right to assert any and all other defenses not time-barred, as this litigation progresses.

**WHEREFORE**, **PREMISES CONSIDERED** Defendants request that this Court deny all of Plaintiff's prayers for relief, enter a judgment dismissing the Amended Complaint with prejudice, and award Defendants its attorneys' fees, expenses, and costs of this action.

Respectfully submitted,

s/ Robbin Hutton
Robbin Hutton (TN Bar No. 019440)
JACKSON LEWIS LLP
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: robbin.hutton@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2013, I electronically filed the **Answer and Affirmative Defenses** with the Clerk of Court using the Court's CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

>Link A. Gibbons, Esquire (TN #022799)
>LAW OFFICE OF LINK GIBBONS
>P.O. Box 2248
>Morristown, Tennessee 37816
>Telephone: (423) 839-0990
>Facsimile: (423) 839-1306
>Email: link@linkgibbonslaw.com

*Attorney for Plaintiff*

>  s/ Robbin Hutton
> Robbin Hutton (TN Bar No. 019440)
> JACKSON LEWIS LLP
> 999 Shady Grove Road, Suite 110
> Memphis, TN 38120
> Telephone: (901) 462-2600
> Email: robbin.hutton@jacksonlewis.com

*Counsel for Defendants*

4833-0220-2132, v. 1