UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CLOIE TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-200 |
| v. ) | (COLLIER/GUYTON) |
| ) | |
| JEFFERSON OPERATOR, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are Defendants' Motions to Quash [Doc. 24, Doc. 26]. For the reasons stated herein, the Motions to Quash will be **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Plaintiff filed this action on April 12, 2013, alleging *inter alia* that the Defendants violated the Family Medical Leave Act and the Tennessee Public Protection Act. [Doc. 1, Doc. 7]. Defendants deny liability. [Doc. 14].

On October 30, 2013, the Plaintiff filed and served a Notice of Deposition of Allen Craig Tschudi [Doc. 20] and a Notice of Deposition of Jonathan Ohlsen [Doc. 21]. Both these notices stated that the Plaintiff intended to take the designated depositions on December 2, 2013. On November 11, 2013, counsel for the parties discussed the depositions and agreed to reset the depositions to December 9, 2013. At that time counsel for the Defendants informed counsel for

the Plaintiff that she intended to file a motion to quash or motion for protective order. On November 13, 2013, counsel for the Plaintiff filed and served a second set of notices [Doc. 22, Doc. 23], which stated that Plaintiff intended to take Mr. Tschudi and Mr. Ohlsen's depositions on December 9, 2013.

On December 2, 2013, the Defendant filed the instant Motions to Quash. The Plaintiff responded in opposition on December 5, 2013, [Doc. 28, Doc. 29], and on December 6, 2013, the parties appeared before the undersigned via telephone for a motion hearing on the Motions to Quash.

## II.     POSITIONS OF THE PARTIES

*A.     Jonathan Ohlsen*

First, Defendants argue that Plaintiff did not properly serve Mr. Ohlsen, because Plaintiff failed to subpoena Mr. Ohlsen's appearance at his deposition. Second, Defendants argue that the Court should exercise its discretion and issue a protective order precluding Plaintiff from taking Mr. Ohlsen's deposition. Defendants submit that any relevant information Mr. Ohlsen possesses was obtained through his role as attorney for the Defendants. Defendants submit that attorney-client privilege would apply to any testimony that Mr. Ohlsen could provide, and as a result, the Defendants maintain that the Court should preclude the Plaintiff from deposing Mr. Ohlsen. Defendant has submitted a declaration from Mr. Ohlsen asserting that his communications with Defendant Jefferson Rehab "were as legal counsel and are protected by the attorney-client privilege." [Doc. 25-1 at 2].

Plaintiff responds that Rule 30(a)(2) of the Federal Rules of Civil Procedure allows the Plaintiff to send notice of Mr. Ohlsen's deposition without the use of a subpoena. Plaintiff also

asserts that there was no need to use a subpoena because counsel agreed to set the depositions. Plaintiff also argues that because Mr. Ohlsen is not admitted to practice law in the Commonwealth of Kentucky or the State of Tennessee, the attorney-client privilege would not apply to his testimony.

B.     *Allen Craig Tschudi*

With regard to Mr. Tschudi, Defendants submit that Mr. Tschudi's deposition is being set for harassment, nuisance, and annoyance. Again, Defendants assert that the use of a notice for the deposition is not appropriate and Defendants submit that Mr. Tschudi has an ownership interest in Defendant Jefferson Rehab, but he is not involved in the day-to-day operations of the entity. Defendant has filed the Declaration from Jonathan Ohlsen stating the same and asserting that Mr. Tschudi "does not have any relevant knowledge of the facts or claims regarding the employment of Cloie Tucker." [Doc. 27-1 at 2]. Defendant maintains that Mr. Tschudi does not possess personal knowledge or information that is relevant or likely to lead to the discovery of admissible evidence.

Plaintiff responds that Mr. Tschudi holds himself out to be the managing member of Defendant Northpoint Senior Services LLC d/b/a Prestige Healthcare. In support of this allegation, Plaintiff has attached a copy of Mr. Tschudi's LinkedIn profile and the Kentucky Secretary of State's website, [Docs. 28-1, 28-2]. Again, Plaintiff takes the position that a subpoena is not required to secure Mr. Tschudi's appearance at the deposition.

3

## III. ANALYSIS

The Court will address the issues presented in turn.

*A.  Necessity of Subpoenas Under Rule 45*

The Court finds that Plaintiff's notices were not and are not sufficient to secure the appearance of Mr. Ohlsen, where he has not agreed to appear. The Court finds that the Plaintiff's notice of deposition with regard to Mr. Tsuchdi was sufficient under the Federal Rules of Civil Procedure.

"In order to obtain an order compelling a non-party to appear for a deposition, the party seeking the deposition must not only notice the deposition, but must also properly serve the non-party with a deposition subpoena pursuant to Rule 45." Bricker v. R & A Pizza, Inc., 2011 WL 3941982, at *3 (S.D. Ohio Sept. 6, 2011) (citing Fed. R. Civ. P. 45(a) (1)(A)(iii)).

The Plaintiff did not notice depositions for a general party representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Instead, Plaintiff specifically noticed the deposition of Mr. Tschudi and the deposition of Mr. Ohlsen.

With regard to Mr. Ohlsen, Plaintiff was required to follow the standards for securing a non-party's appearance under Rule 45. The Court finds that the Plaintiff failed to do so, and as a result, the notices will not secure the attendance of Mr. Ohlsen. Therefore, the Motion to Quash Deposition Notice to Non-Party Jonathan Ohlsen is **GRANTED**, as to the Notice of Deposition of Jonathan Ohlsen [Doc. 23]. However, the Court finds that requiring the Plaintiff to serve a subpoena to Mr. Ohlsen only to encounter the same objections from Defendants would be a waste of the parties' resources and judicial resources. Therefore, the Court will address the other issues presented to the Court.

With regard to Mr. Tschudi, the Court finds that the evidence before the Court indicates that Mr. Tschudi has an ownership interest in Defendant Northpoint Senior Services LLC d/b/a Prestige Healthcare and is an officer to this entity. The Court finds that the notice of deposition was sufficient as to Mr. Tschudi based upon his relationship to Defendant Northpoint Senior Services LLC d/b/a Prestige Healthcare. Notwithstanding, the Court finds that, given the issues raised, the Plaintiff should serve both Mr. Tschudi and Mr. Ohlsen with subpoenas if he intends to seek their depositions in this case.

B. *Attorney-Client Privilege*

The Defendants argue that the Court should quash Plaintiff's attempts to depose Mr. Ohlsen. Defendants assert that any testimony Mr. Ohlsen would provide during his deposition would be protected by the attorney-client privilege. However, Defendants do not cite the Court to any specific factual allegations to support this assertion.

An *ipse dixit* assertion, as is found in Mr. Ohlsen's declaration, does not establish the applicability of a privilege. See Gooden v. Ryan's Rest. Group, Inc., 2006 WL 2946313, at *2 (W.D. Ky. Oct. 12, 2006) ("The party seeking application of the privilege has the burden of proving the existence and applicability [of] the privilege to the facts, a burden not 'discharged by mere conclusory or *ipse dixit* assertions.'"); see also United States v. Health Alliance of Greater Cincinnati, 2009 WL 5033940, at *3 (S.D. Ohio Dec. 11, 2009).

Moreover, it is well-established that the mere fact that an attorney serves as general counsel for an entity will not, without more, establish that any knowledge he or she may have with regard to the entity is protected by the attorney-client privilege. It is "generally accepted that communications between an attorney and client of primarily a business nature are outside the scope of the privilege." Leazure v. Apria Healthcare Inc., 2010 WL 3895727, at *1 (E.D.

5

Tenn. Sept. 30, 2010). Stated differently, "the participation of general counsel in the business of the corporation [] does not automatically cloak the business activity with the protection of the attorney-client privilege." In re So. Industrial Banking Corp., 35 B.R. 643, 647 (Bankr. E.D. Tenn. 1983).

Further, the attorney-client privilege must be established through certain factual assertions, including an assertion that legal advice was given and that no third-party was present. The Defendants have not attempted to establish any of these elements of the attorney-client privilege.

Finally, Plaintiff asserts that the attorney-client privilege does not apply, because Mr. Ohlsen was practicing law without a license. The Court finds that this allegation is not relevant to the application of the attorney-client privilege.

Accordingly, the Court finds that the Defendants' assertion of the attorney-client privilege in a wholesale manner and its request that the Court deny Plaintiff's request for a deposition on this basis is not well-taken. Therefore, it is **DENIED**. If and when Mr. Ohlsen is properly served, he may sit for a deposition and assert any privileges that he, in good faith, believes he possesses in response to questions at his deposition in accordance with Rule 30(c)(2) of the Federal Rules of Civil Procedure.

C.   *Mr. Tschudi's Alleged Lack of Knowledge*

The Court finds Defendants' assertion that Mr. Tschudi does not have knowledge of relevant events to be unpersuasive for similar reasons. The Defendants have alleged, generally, that Mr. Tschudi does not have knowledge of the Defendant entities' day-to-day business. However, Mr. Tschudi has not submitted a sworn statement attesting to this lack of knowledge, and the Defendants have not cited the Court to any specific basis for precluding the Plaintiff

from taking the deposition of Mr. Tschudi. It is undisputed that Mr. Tschudi has an ownership interest in and managing role in two of the respective entities. If he is asked questions at the deposition that exceed the scope of his knowledge, he can state the same under oath. Accordingly, the Defendants' request that the Court deny Plaintiff's request for a deposition on this basis is not well-taken. Therefore, it is **DENIED**.

IV. **CONCLUSION**

Based upon and consistent with the foregoing findings, the Motions to Quash **[Docs. 24 and 26]** are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

ENTER:

　/s H. Bruce Guyton
United States Magistrate Judge

7

Case 3:13-cv-00200-CLC-HBG   Document 31   Filed 12/16/13   Page 7 of 7   PageID #: 139